## LIVINGSTON (GOVERNOR, &c.,) v. COMBS AND WIFE, ADMINISTRATORS.

1. Arbitrators voluntarily chosen by the parties are not held to the strict laws of evidence.

2. A settlement and *quietus* before the Orphans' Court, are not conclusive as to the correctness of the accounts of administrators.

3. An administration bond given to the governor, may be sued upon by his successors.

This was an action of debt on an administration bond, brought in the name of the plaintiff as governor and ordinary, which was referred to the decision of arbitrators. The cause was at issue upon the question whether defendants had truly and fully accounted. The referees awarded to the plaintiff the sum of £93 11s. 11d., and to this award the following objections were taken :

1st. That the referees admitted certified office copies of the inventory and accounts, which had been filed in the Orphans' Court by the defendants.

Livingston v. Combs and wife, Adm'rs.

2d. That they committed a plain mistake in law, in refusing to consider the *quietus* as conclusive evidence of the correctness of the account furnished by the defendants.

3d. That this account, and all matters in reference thereto, had been adjusted, and finally terminated before the Orphans' Court, which was the tribunal appointed by law, and therefore the referees were not authorized to inquire into their proceedings, or to set aside accounts legally allowed.

The court held that the settlement and *quietus* were not conclusive evidence of the correctness of the accounts of the administration; they were *res inter alios acta;* and the [43] *quietus* always excepts the rights of others. Fraud also is always an exception. (*a*)

The arbitrators, being judges of the parties' own nomination, are never considered as tied down to those strict rules of evidence, to which courts have been compelled to resort, in the administration of justice.

The submission to arbitrators in this case also, implies the consent of the parties that they were to examine into the correctness of the inventory and accounts.

An objection was made that the bond in question being made to Governor Franklin, no suit could be sustained upon it in the name of Governor Livingston.

PER CUR. It is a bond taken by the governor in his official capacity as ordinary, and it is payable to his successors.

Rule discharged.

*Howell* and *Leake*, for plaintiff.

*Woodruff*, for defendant.

(*a*) This was a *quietus*, by the ordinary, before the Orphans' Court established.

CITED *in Williamson* v. *Updyke*, 2 *Gr.* 276; *Halsted* v. *Fowler*, 2 *Zab.* 51; *Black, Ex.*, v. *Whitall*, 1 *Stock.* 585.